```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION


Frank C. Brown, Jr.,            :

        Plaintiff,              :

    v.                          :    Case No. 2:10-cv-967

Warden Deb Timmerman-Cooper,    :    JUDGE EDMUND A. SARGUS, JR.
et al.,                              Magistrate Judge Kemp

        Defendants.             :
```

                       REPORT AND RECOMMENDATION

   This prisoner civil rights case is before the Court to consider defendants' motion for judgment on the pleadings.  An extensive recitation of the facts or procedural history of the case is unnecessary because the motion raises a single issue: must the complaint be dismissed because the defendants have been sued only in their official capacities and this is a suit for money damages?

   Mr. Brown does not disagree with the premise of the motion that suits for money damages pleaded against state officials are barred by the Eleventh Amendment, and that is a correct statement of the law.  See, e.g., Will v. Michigan Dep't of State Police, 491 U.S. 58, 64 (1989); Kentucky v. Graham, 473 U.S. 159, 165-66, (1985); Whittington v. Milby, 928 F.2d 188, 193 (6th Cir. 1991). However, he claims to have been denied access to proper legal materials when he drafted the complaint, and he has asked the Court, in his opposing memorandum, for leave to amend the complaint to allege the same claims against the same defendants but in their individual capacities.  Thus, the only question before the Court is whether it should permit him to do so.

   In Moore v. City of Harriman, 272 F.3d 769 (6th Cir. 2001), the Court of Appeals made it clear that as long as the "course of

proceedings" in a case indicate that it is the plaintiff's intent to sue state defendants in their individual capacities, the case should not be dismissed simply because the complaint does not contain that allegation explicitly.  Id. at 772.  It recognized that such an intent can be demonstrated in various ways and at various times throughout the course of the proceedings, such as in subsequent pleadings or even in a memorandum filed in response to a summary judgment motion.  Id.  Moore also suggests, at 772 n.1, that the issue is one of notice and fairness, and that as long as a case is in its early stages, it is not unfair to allow various filings to provide the defendants with notice that they are being sued in their individual capacities.

Other courts have permitted amendments under the liberal policy contained in Fed.R.Civ.P. 15(a) to correct this type of pleading problem as long as this procedure does not prejudice the defendants.  See, e.g., Tanney v. Boles, 400 F.Supp. 2d 1027, 1038 (E.D. Mich. 2005).  This Court sees no reason not to do the same, and it perceives no prejudice which will result if the amendment is permitted.  Certainly, the case is in its early stages, and defendants have not argued the issue of prejudice (and did not file a reply brief after Mr. Brown filed the responsive memorandum in which he asked for leave to amend).  Therefore, it is recommended that the complaint be deemed amended to allege claims for monetary relief against the defendants in their individual capacities, and that the motion for judgment on the pleadings (#10) be denied.

PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge

of this Court shall make a <u>de</u> <u>novo</u> determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation <u>de</u> <u>novo</u>, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  <u>See Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir.1981).

/s/ Terence P. Kemp
United States Magistrate Judge