```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                      EASTERN DIVISION


Frank C. Brown, Jr.,            :

          Plaintiff,            :  Case No. 2:10-cv-967

   v.                           :  JUDGE EDMUND A. SARGUS, JR.
                                   Magistrate Judge Kemp
Deb Timmerman-Cooper, et al.,   :

          Defendants.           :
```

## REPORT AND RECOMMENDATION
## AND ORDER

This is one of a number of civil rights actions filed by plaintiff Frank C. Brown, Jr., a state prisoner. In this case, he has alleged that the three named defendants - Deb Timmerman-Cooper, the Warden of the London Correctional Institution, Brian Cook, the Warden of the Madison Correctional Institution, and Gary Croft, the Chief Inspector of the Ohio Department of Rehabilitation and Correction - violated his constitutional rights by having him transferred from the London Correctional Institution to the Madison Correctional Institution, from Madison to the North Central Correctional Institution, and then back to London, as part of a scheme to retaliate against him for his use of the prison grievance process. The defendants have filed a motion for judgment on the pleadings. For the following reasons, it will be recommended that the motion be granted and that this case be dismissed. The Court will also issue a ruling on certain other motions or, as appropriate, recommend a disposition of those other motions by the District Judge.

### I. The Facts

Because the case is before the Court by way of a motion for judgment on the pleadings, the only facts which the Court may consider are those well-pleaded facts which appear on the face of

the complaint. Mr. Brown's complaint in this case can be fairly summarized as follows.

On October 28, 2009, Mr. Brown was transferred from London to Madison. He alleges that this transfer was "in retaliation and in reprisal for Plaintiffs (sic) practices of utilizing the grievance procedure." Complaint, ¶1. Only a few days after he arrived at Madison, Mr. Brown was transferred to the North Central Correctional Institution, which he also asserts was related to his use of the prison grievance procedure, apparently during his short stay at Madison. He was not at North Central very long before he was transferred back to London. He arrived there on November 28, 2009, less than thirty days after initially being transferred out. The only other facts alleged (as opposed to legal conclusions) are that some of his property was stolen at NCCI and that he was charged with some type of misconduct at Madison due to the volume of his legal materials and his refusal to send them home. He claims these actions violated his rights under the First, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

## II. Legal Standard

A motion for judgment on the pleadings filed under Fed.R.Civ.P. 12(c) attacks the sufficiency of the pleadings and is evaluated under the same standard as a motion to dismiss. Amersbach v. City of Cleveland, 598 F.2d 1033, 1038 (6th Cir.1979). In ruling upon such motion, the Court must accept as true all well-pleaded material allegations of the pleadings of the opposing party, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment. Southern Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 479 F.2d 478, 480 (6th Cir.1973). The same rules which apply to judging the sufficiency of the pleadings apply to a Rule 12(c) motion as to a motion filed under Rule 12(b)(6); that is,

-2-

the Court must separate factual allegations from legal conclusions, and may consider as true only those factual allegations which meet a threshold test for plausibility. See, e.g., Tucker v. Middleburg-Legacy Place, 539 F.3d 545 (6th Cir. 2008), citing, inter alia, Bell Atlantic Corp. v. Twombly 550 U.S. 544 (2007). It is with these standards in mind that the motion for judgment on the pleadings must be decided.

### III. Discussion

The defendants raise a number of different arguments in support of their request for judgment on the pleadings. Their primary argument is that the complaint, to the extent that it attempts to state a claim for retaliation for the exercise of First Amendment rights under Thaddeus-X v. Blatter, 175 F.3d 378, 394 (6th Cir. 1999), is deficient because it alleges only the first element of such a claim – that Mr. Brown was engaged in protected First Amendment activity when he used the prison grievance process – and none of the other required elements. in Thaddeus-X, 175 F.3d at 394 (6th Cir. 1999), the Court of Appeals held that a valid claim for retaliation can be stated if an inmate alleges three things: the exercise of a First Amendment right, "an adverse action ... taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and ... a causal connection between elements one and two – that is, the adverse action was motivated at least in part by the plaintiff's protected conduct."

Mr. Brown's complete response to the motion for judgment on the pleadings is terse. In a combined response to this and other motions, in both this and other cases, he argues the following:

> Defendants (sic) motion is barred by the doctrine of estoppel namely res judicata. This Honorable Court has already denied these motions once before in toto.

Memorandum in Opposition, Doc. #37, at 6. Clearly, as defendants

-3-

correctly point out, this statement is incorrect.  The Court ruled on a prior motion for judgment on the pleadings, but the only issue raised in that motion was that defendants had not been sued in their individual capacities and that Mr. Brown's damage claims were barred by the doctrine of sovereign immunity.  See Doc. #30.  Mr. Brown's complaint was deemed amended to include a claim for damages against the defendants in their individual capacities.  That, however, did not answer the question posed by the current motion, which is whether the complaint states any valid claim for relief under any provision of the United States Constitution.

Even though Mr. Brown has not presented any specific argument in opposition to the motion for judgment on the pleadings, the Court will still review his complaint in light of the defendants' arguments to determine if he has properly pleaded a claim under any of the constitutional provisions he cites. After conducting such a review, and for the following reasons, the Court concludes that he has not.

The complaint fails on at least two grounds.  Taking the Thaddeus-X factors in reverse order, in order to plead a valid claim for retaliation, the plaintiff must plead facts from which a plausible conclusion can be drawn that the actions about which the prisoner complains - here, the three transfers in less than a month - were caused by the plaintiff's exercise of some First Amendment right.  Mr. Brown's complaint does not contain any factual (as opposed to wholly conclusory) allegations on this point.  For example, he does not relate any of the transfers to the filing of any particular grievance or set of grievances at any of the three institutions involved.  He has not even pleaded temporal proximity - that is, that the transfers occurred so soon after his use of the grievance process that a reasonable person could infer a connection between the two.  Even if he had, the

case law makes clear that "conclusory allegations of temporal proximity are not sufficient to show a retaliatory motive." Skinner v. Bolden, 89 Fed. Appx. 579, 579-80 (6th Cir. March 12, 2004), citing, inter alia, Smith v. Campbell, 250 F.3d 1032, 1038 (6th Cir. 2001).  Nor are similar allegations about the defendants' motives; as this Court has held, "[c]onclusory allegations of retaliatory motive which are not supported by material facts are insufficient to state a claim under §1983." Treesh v. Bobb-Itt, 2011 WL 3837099, *7 (S.D. Ohio August 29, 2011), citing Harbin-Bey v. Rutter, 420 F.3d 571, 580 (6th Cir. 2005).  Thus, the complaint fails to satisfy the plausibility standard set forth in Twombly with respect to this element of a First Amendment retaliation claim.

Even if the complaint were sufficient as to the third element, it fails to satisfy the second.  The only factual allegations in the complaint concerning the effect of these transfers are that the officials at Madison had some issue with the amount of Mr. Brown's legal property, and that someone stole some of his property while he was at North Central.  There is no allegation that the officials at Madison took action concerning the legal property requirement in a way that is inconsistent with ODRC regulations, or that it was likely that if Mr. Brown were moved to that institution, the move would adversely affect his ability to pursue grievances or litigation.  The theft of property at North Central appears similarly unrelated to the transfer, other than the fact that the theft happened while he was there - and not because transferred prisoners were likely to have their property stolen.  These types of transfers, without any accompanying foreseeable effect on an inmate's ability either to pursue First Amendment protected conduct or to be housed in conditions similar to those which affect all inmates, are generally not the type of adverse actions which would deter an

inmate of ordinary firmness from pursuing his constitutional rights.  That is particularly so where, as here, the entire process took less than a month and Mr. Brown ended up back at the same institution he started at.

In this circuit, "the transfer of a prisoner may rise to the level of unconstitutional retaliation where there are foreseeable consequences to the transfer that would inhibit the prisoner's ability to access the courts." Hix v. Tennessee Dept. of Corrections, 196 Fed.Appx. 350, 358 (6th Cir. August 22, 2006), citing Siggers-El v. Barlow, 412 F.3d 693, 704 (6th Cir. 2004). The converse of that statement is that if the transfer does not carry with it such foreseeable consequences, it is not the type of adverse action which can satisfy the second prong of the Thaddeus-X test.  Thus, without any facts in the complaint showing that the transfers were accompanied by some foreseeable impact on Mr. Brown's First Amendment activities - that is, absent "aggravating circumstances" which accompanied the transfers - he has not met this part of the test. See Smith v. Jones, 2009 WL 6632300, *8 (W.D. Mich. October 8, 2009).

All of Mr. Brown's claims center around his allegations of retaliation.  Since such claims are properly analyzed under the First Amendment, the Court need not conduct a separate analysis of the other claimed constitutional basis for the alleged denial of Mr. Brown's rights. See, e.g., County of Sacramento v. Lewis, 523 U.S. 833, 841-42 (1998).  However, it is clear that Mr. Brown has no cognizable claim under the Fifth Amendment, because that provision applies only to the federal government and not the States, see Scott v. Clay County, Tenn., 205 F.3d 867, 873 n.8 (6th Cir. 2000), and has not alleged any conditions of confinement which would amount to cruel and unusual punishment under the applicable Eighth Amendment standard. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981) (Eighth Amendment is violated

by conduct which fall below contemporary standards of decency). His Fourteenth Amendment claims is simply duplicative of his First Amendment claim.

Defendants have raised other arguments as well, such as qualified immunity and lack of personal involvement. In light of the fact that the complaint does not state a viable First Amendment claim, there is no need to discuss these other bases for relief.

## IV.  Other Motions

There are two other motions pending in this case which fall within the jurisdiction of the Magistrate judge to determine in the first instance. They are Mr. Brown's motion for leave to supplement and to strike (#52) and defendants' motion for an extension of time (#57). The former motion does not appear to be specific to this case and requests no relief that would affect the recommendation being made on the motion for judgment on the pleadings. The latter motion is moot. Both motions will be denied.

The other pending motions are all motions which must be finally ruled on by the District Judge because they ask, in one form or another, for some type of interim injunctive relief. Should the Court adopt this Report and Recommendation, all of those motions (including #s 18, 38, 39, 43,and 53) would be moot and should be denied, at least to the extent that they request relief in this case (many of these motions were filed in identical form in both this and other cases brought by Mr. Brown).

## V.  Recommendation and Order

Based on the above discussion, it is recommended that the defendants' motion for judgment on the pleadings (#35) be granted and that the complaint be dismissed with prejudice for failure to state a claim upon which relief can be granted. It is further

recommended that, if the Court adopts this recommendation and dismisses the case, that the motions filed at ECF #s 18, 38, 39, 43,and 53 all be denied as moot.  It is further ordered that Mr. Brown's motion for leave to supplement and to strike (#52) and defendants' motion for an extension of time (#57) are denied.

## VI.   Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir.1981).

/s/ Terence P. Kemp
United States Magistrate Judge