IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Frank C. Brown, Jr.,

    Plaintiff,

v.                                                    Case No. 2:10-cv-283

Warden Deb Timmerman-Cooper,                          JUDGE EDMUND A. SARGUS, JR.
et al.,                                               Magistrate Judge Kemp

    Defendants.


Frank C. Brown, Jr.,

    Plaintiff,                                Case No. 2:10-cv-352

v.                                                    JUDGE EDMUND A. SARGUS, JR.
                                                      Magistrate Judge Kemp
Russ Parrish, et al.,

    Defendants.


Frank C. Brown, Jr.,

    Plaintiff,

v.                                                    Case No. 2:10-cv-967
                                                      JUDGE EDMUND A. SARGUS, JR.
Warden Deb Timmerman-Cooper,                          Magistrate Judge Kemp
et al.,

    Defendants.


## OPINION AND ORDER

In each of these three cases, after unsuccessfully moving the Court to apply the "three

strikes" provision of the Prison Litigation Reform Act to plaintiff, Frank C. Brown, Jr., in a way that would retroactively require him to pay the full filing fee immediately, defendants have asked the Court to declare Mr. Brown an abusive litigator and to reach the same result. That motion, which is, in each case, coupled with a case-dispositive motion, is now fully briefed. The case-dispositive arguments have all been addressed in Reports and Recommendations issued by the Magistrate Judge and, if any objections to those Reports and Recommendations are filed, the Court will deal with them in due course. This Opinion and Order addresses only the defendants' motion to revoke Mr. Brown's *in forma pauperis* status and to require him to pay the balance of the filing fee in each of these cases in full or to suffer dismissal.

I.

The defendants have provided the following statement of facts pertinent to their motion which, for the most part, Mr. Brown does not dispute. In the five years prior to the filing of defendants' motion, Mr. Brown filed 38 separate civil actions or appeals. He contends, in a filing with this Court, that of these actions, only 22 involve claims against governmental officials. When Mr. Brown made that filing (Doc. #31 in Case No. 2:10-cv-283), half of those actions had been dismissed, but half were still pending. The Court notes independently, from a review of its own records, that since April 2, 2010, when the first of these cases was filed, Mr. Brown has filed a total of seven cases in this District dealing with matters related to his imprisonment. Two of those were dismissed on an initial screening (Cases Nos. 2:10-cv-966 and 2:10-cv-880), and the dismissal of the former case has been affirmed on appeal. *Brown v. Blackwell*, No. 11-3133 (6th Cir. September 28, 2011). The Magistrate Judge has recommended the dismissal of two of the five pending matters (Case No. 2:10-cv-783 and Case No. 2:10-cv-

2

967), and a partial dismissal of a third (Case No. 2:10-cv-352). Finally, an affidavit from Mr. Brown which was attached as an exhibit to Doc. #30 filed in Case No. 2:10-cv-283 sheds some additional light on the nature of his filings, and indicates that quite a number of them involve appeals from state court judgments involving juvenile or child support issues, and several are petitions for writs of *certiorari* to the United States Supreme Court. Although not an exact count, it appears that Mr. Brown has filed approximately ten cases relating to his imprisonment, including one habeas corpus action. It also bears noting that, at this point, any new case filed by Mr. Brown involving conditions of his confinement would be subject to the PLRA's "three strikes" provision, and in order to maintain such a suit, Mr. Brown would either have to pay the filing fee in full or make a showing that he is under imminent danger of serious physical injury. See 28 U.S.C. §1915(g).

II.

The primary legal authority which defendants cite in support of their motion is *Maxberry v. S.E.C.*, 879 F.2d 222 (6th Cir. 1989). That case involved a *pro se* (but non-prisoner) litigant who had filed an action against the Securities and Exchange Commission contending that "the Securities and Exchange Commission violated the 1933 and 1934 Acts when it refused to register his corporation, intentionally misinformed him, altered the identity of his corporation, used his corporation's name for profit and injured him through unwarranted publicity." *Id.* at 223. The case was dismissed by Judge Weber of this Court as frivolous, and that dismissal was affirmed. In addition, the Court of Appeals, noting that Mr. Maxberry had filed nineteen separate appeals to the Court of Appeals in the prior two years, and that sixteen of them (including the instant appeal) had been dismissed as unsubstantial, while the other three were dismissed for lack of

3

jurisdiction. The Court concluded that this history of baseless appeals justified revoking his privilege to appeal *in forma pauperis* and directed the Clerk not to accept further appeals from him unless he paid the full filing fee. The Court of Appeals took similar action, on almost identical facts, in *Newman v. Cleveland Police Dept.*, 9 F.3d 108 (6th Cir. October 21, 1993)(unreported)(litigant filed nineteen frivolous appeals).

This Court has relied on *Maxberry* on a number of occasions to deny a litigant the right to make further filings. For example, in *Gordon v. United States*, 2010 WL 518148 (S.D. Ohio February 1, 2010), Judge Graham of this Court barred a criminal defendant from further filings because the defendant had, after his conviction became final, filed approximately eighteen meritless motions challenging his conviction, and where he had been cautioned in previous orders about filing frivolous motions requesting the same relief. And in *Ohio v. Ealy*, 2009 WL 1118704 (S.D. Ohio April 24, 2009), Chief Judge Dlott revoked the *in forma pauperis* filing rights of a *pro se* litigant who had filed forty-four separate cases in this District in nine years, the vast majority of which were dismissed as frivolous upon an initial screening. Other district court decisions which have relied on *Maxberry* in withdrawing from a litigant the right to proceed *in forma pauperis* involve the filing of hundreds or thousands of baseless complaints. *See, e.g., Riches v. Hughes,* 2008 WL 2478229 (E.D. Ky. Jun 18, 2008); *Ajuluchuku v. YumA Brand, Inc., Ltd.*, 2006 WL 1523218 (W.D. Ky. May 23, 2006).

The record in this case is materially different than the situations described in these decisions. While the Court recognizes its inherent authority to impose various sanctions on abusive litigators, and the burden that such litigation imposes on the federal courts, *see In re McDonald*, 489 U.S. 180 (1989), such sanctions must be balanced against the statutory right

4

created by Congress for an indigent litigant to proceed without payment of a filing fee (or, in the case of a prisoner litigant, to pay the fee in small installments rather than all at once), and the constitutional dimension of the right of access to the Courts. *McDonald* recognized that "[a] part of the Court's responsibility is to see that [judicial] resources are allocated in a way that promotes the interests of justice," *id.* at 184, but in that case, as in many of the cases cited in this Opinion, the litigant in question had made more than 100 baseless filings, and the Supreme Court's ruling provoked a strong dissent from four Justices, who were of the opinion that the frivolousness of any action filed *in forma pauperis* was to be determined on a case-by-case basis. Although that is not now the law, the Court is mindful that its power to impose either prospective relief based on a record of past frivolous filings, or retroactive relief to cases already filed and determined not to be frivolous, should be exercised carefully.

Here, there is actually very little in the record to demonstrate that Mr. Brown has engaged in a pattern of filing frivolous lawsuits. This Court dismissed two of his cases on initial screening for failure to state a claim, but it did not determine that either was completely without legal or factual support. Defendants have submitted only a handful of additional records, and not nearly enough for the Court to find, as a fact, that the majority of Mr. Brown's other filings - or even a substantial minority of them - were groundless. The current cases are far enough along for the Court to have reviewed their merits, and, as noted, the Magistrate Judge has found some of Mr. Brown's claims to be sufficient to survive motions to dismiss, for summary judgment, or for judgment on the pleadings, while finding others not to be so robust. There is little need to impose a sanction on Mr. Brown retroactively so as to avoid an expenditure of the Court's time in these three cases on frivolous matters, and no need to do so prospectively, because Mr. Brown

5

has now accumulated enough dismissals to trigger application of the PLRA's "three strikes" provision to any future filings. Consequently, the Court concludes that it is a better exercise of its discretion, under the specific circumstances demonstrated by the record, not to grant defendants' motion.

III.

For the reasons stated above, the motions to revoke plaintiff's *in forma pauperis* status and to compel payment of full filing fees (Doc. #38 in Case No. 2:10-cv-283, Doc. #38 in Case No. 2:10-cv-352, and Doc. #35 in Case No. 2:10-cv-967) are **DENIED.**

**IT IS SO ORDERED.**

1-12-2012

**DATE**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**