IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Frank C. Brown, Jr.,

        Plaintiff,                        Case No. 2:10-cv-967

v.                                         JUDGE EDMUND A. SARGUS, JR.
                                               Magistrate Judge Kemp

Warden Deb Timmerman-Cooper, et al.,

        Defendants.

## OPINION AND ORDER

In this prisoner civil rights case, which involves a claim by Plaintiff Frank C. Brown, Jr., that he was retaliated against based on the exercise of his First Amendment rights by being transferred between a number of different correctional institutions, defendants filed a motion for judgment on the pleadings. In a Report and Recommendation filed on January 4, 2012, the Magistrate Judge recommended that the motion be granted. Mr. Brown filed two separate documents which purport to be objections (Doc. 70 and Doc. 78) and also filed a motion for leave to amend his complaint. For the following reasons, Mr. Brown's objections will be overruled and the Report and Recommendation will be adopted. Additionally, his motion for leave to amend will be denied, and this case will be dismissed.

I.

When objections are received to a report and recommendation on a dispositive matter, the district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed.R.Civ.P. 72(b)(3). After such review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; see also 28 U.S.C. § 636(b)(1)(C).

II.

Neither party objects strenuously to the way in which the Report and Recommendation summarizes the key facts of the case (although Mr. Brown says that he does not claim to have been transferred due to his use of the grievance system at any institution other than the London Correctional Institution), so the Court essentially adopts that part of the Report. In short, in this - the fifth of five cases still pending which Mr. Brown filed in 2010 - Mr. Brown alleges that beginning in October, 2009, he experienced a series of institutional transfers ordered by the defendants as retaliation for his having used the prison grievance process. First, he was transferred from the London Correctional Institution to the Madison Correctional Institution; very shortly after arriving at that facility, he was transferred to the North Central Correctional Institution; and, within thirty days after the initial transfer, he was returned to London. His complaint alleges no other facts except for an incident at North Central where some property was stolen, and being written up at Madison for refusing to send legal materials home. His basic theory is that the transfers constituted impermissible retaliation, although he also cited to other constitutional provisions in support of his complaint.

The defendants' motion for judgment on the pleadings, the second one they filed in this case, rests primarily on the argument that the complaint fails to state a claim for retaliation under the First Amendment. As the Report and Recommendation notes, the Court of Appeals' decision in *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) sets out the standard formulation for such a claim, and that formulation contains three elements: that a prison be engaged in constitutionally-protected activity, that the defendants take some action in response, and that the action be one which would discourage a person of ordinary firmness from continuing to exercise

2

his constitutional rights. The Magistrate Judge concluded both that the complaint contained no facts from which a causal connection between Mr. Brown's use of the grievance system at London (or any other institution) and any of the three transfers could be inferred, and that the mere act of transferring an inmate from one correctional institution to another is not, under the law in this Circuit, the type of adverse action which would deter a person of ordinary firmness from continuing to file institutional grievances. The Magistrate Judge conducted this analysis despite the fact that the only real argument advanced by Mr. Brown in opposition to the motion for judgment on the pleadings was that the motion was barred by the doctrine of *res judicata* because the defendants had filed an earlier motion for judgment on the pleadings, even though that motion raised entirely distinct issues.

### III.

Mr. Brown's first objection, which was filed in all five of his pending cases, deals with his motion to strike and to supplement and has been addressed in several other rulings by the Court. For those same reasons (i.e. that the motion to supplement and to strike did not specify what supplements Mr. Brown wished to make to his complaint and that his request for *carte blanche* permission to supplement his pleadings found no support in the Rules of Civil Procedure), the Court overrules any objections he has to that portion of the Report and Recommendation dealing with his motion to strike and to supplement.

In his second objection, Mr. Brown argues, first, that the defendants have never advanced any legitimate reason for the transfers about which he complains, and, second, that it is self-evident that all of the transfers were causally related to his use of the prison grievance system and his litigation activity. He also reasserts his argument that *res judicata* should have been applied

3

to the second motion for judgment on the pleadings.

Addressing these arguments in reverse order, the Court notes that the doctrine of *res judicata* is designed to prevent a party from relitigating issues which either were, or could have been, raised in a case which has gone to final judgment. Under that doctrine, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). One of the prerequisites for applying the doctrine is the existence of a final judgment. In the absence of such a judgment, *res judicata* (or, as it is often referred to, claim preclusion) simply does not come into play. *See, e.g., Pacific Employers Ins. Co. v. Sav-a-Lot of Winchester*, 291 F.3d 392, 399 (6th Cir. 2002) ("Here there was no final judgment on the merits. The doctrines of res judicata and collateral estoppel thus have no potential application in this case").

There is a different legal doctrine, the "law of the case" doctrine, which sometimes prevents parties from raising the same issues time and again in the context of the same pending lawsuit, and perhaps that is the doctrine Mr. Brown intended to invoke. However, it is equally inapplicable here.

"The law of the case doctrine generally discourages courts from reconsidering determinations that the court made in an earlier stage of the proceedings," *United States v. Graham*, 327 F.3d 460, 464 (6th Cir. 2003), but " the doctrine applies only to issues that have been decided explicitly (or by necessary implication)" - that is, issues that were both raised and decided at an earlier time in the case. *Bowles v. Russell*, 432 F.3d 668, 676 (6th Cir. 2005). Because defendants' second motion for judgment on the pleadings raised issues different from those raised in the first motion and decided by the Court, the law of the case doctrine does not preclude

4

defendants from filing this particular motion.

It is true that some motions cannot be split in parts and filed successively. For example, Fed.R.Civ.P. 12(g)(2) provides that "[e]xcept as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." One of the exceptions in Rule 12(h)(2) is that the defense of failure to state a claim upon which relief can be granted may be raised in a motion for judgment on the pleadings under Rule 12(c) even if it was not raised in a prior motion to dismiss. It is not clear exactly how this rule applies to successive motions for judgment on the pleadings, but it is clear that the defense of failure to state a claim is not waived by failing to include it in a preliminary motion (including a prior motion for judgment on the pleadings), and a motion raising that issue can be filed "at any time ...." *Sorin v. Board of Educ. of City Sch. Dist. of Warrensville Heights*, 464 F.Supp. 50, 51 (N.D. Ohio 1978). Consequently, even if it would have been more efficient for defendants to have combined their motions, that fact alone does not require the Court to deny the present motion, and Mr. Brown has not been prejudiced in his ability to oppose the motion by the timing or the decision not to include the defense of failure to state a claim in the original motion. Thus, procedurally, the Magistrate Judge did not err in considering the motion on it merits.

As to Mr. Brown's other objection, the Court rejects the contention that the element of causation - that is, a causal connection between Mr. Brown's engaging in protected activity and the defendants' decisions to transfer him - can be satisfied in any way other than his having pleaded enough facts to allow a reasonable inference of causation to be drawn. He cannot bootstrap his allegations in other cases into this one, nor can he rely on the assertion that it is

5

"self-evident" that the defendants transferred him in retaliation for his use of the grievance system without having pleaded any facts which would allow the Court, or a subsequent trier of fact, to reach that conclusion. Nevertheless, even if Mr. Brown could persuade the Court that he had pleaded enough facts to satisfy this prong of the *Thaddeus-X* test, his complaint is still subject to dismissal because he has not alleged any actions of the part of the defendants which would have deterred a person of ordinary firmness from continuing to file grievances.

The law in this Circuit appears to be that the transfer of an inmate from one institution to another is such an ordinary incident of prison life that it cannot serve as the required "adverse action" under *Thaddeus-X*. For example, in *Jewell v. Leroux*, 20 Fed. Appx. 375 (6th Cir. September 21, 2001), the Court of Appeals held that the transfer of an inmate to another prison in order to give the staff at the first prison a respite from his filing of grievances was not a sufficiently adverse action under the *Thaddeus-X* test. Other decisions such as *Mandela v. Campbell*, 181 F.3d 102 (6th Cir. May 26, 1999)(unreported) and *Herron v. Campbell*, 198 F.3d 245 (6th Cir. November 9, 1999) (unreported) reached a similar result. And in *Scuba v. Wilkinson*, 2010 WL 99348 (S.D. Ohio January 6, 2010), the Court noted, although in *dictum*, that the mere transfer from one prison job to another, without more, did not constitute an adverse action. Mr. Brown has not argued this point and has cited no cases to the contrary. Therefore, his complaint fails to state a claim for retaliation because the transfers he describes in the complaint would not, as a matter of law, deter an ordinary prisoner from continuing to use the grievance system.

Mr. Brown's motion for leave to amend his complaint may be read as suggesting that he can cure the defects in his original complaint by amending its allegations. However, to the extent

6

that the Court can determine from his motion (which is not accompanied by a proposed amended complaint), he seeks only to add new allegations about the relationship between his use of the grievance system and the transfers about which he complains. None of those allegations address the more basic issue of whether such transfers are adverse actions within the meaning of the *Thaddeus-X* test, so that amending the complaint would not cure the problem which forms the basis of the dismissal order. The Court has no obligation to permit a party to amend a pleading where the proffered amendment would be an exercise in futility. *Robinson v. Michigan Consolidated Gas Co.*, 918 F.2d 579 (6th Cir.1990). Consequently, the motion to amend will also be denied.

IV.

For the reasons stated above, defendants' and Mr. Brown's objections (Docs. 70 and 78) to the Report and Recommendation are **OVERRULED** and the Report and Recommendation (Doc. 61) is **ADOPTED AND AFFIRMED**. Defendants' motion for judgment on the pleadings (Doc. 35) is **GRANTED**. Mr. Brown's motion for leave to amend (Doc. 71) is **DENIED**. This case is **DISMISSED WITH PREJUDICE** based on the complaint's failure to state a claim upon which relief can be granted.

**IT IS SO ORDERED.**

7-16-2012
DATE

EDMUND A. SARGUS, JR.
UNITED STATES DISTRICT JUDGE

7